**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ESTATE OF ANGEL LOPEZ, by and through its successor in interest, Lydia Lopez; et al., | No. 14-57007 |
| Plaintiffs-Appellees, | D.C. No. 3:13-cv-02240-GPC-MDD |
| v. | MEMORANDUM* |
| KRISTOPHER MICHAEL WALB, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Gonzalo P. Curiel, District Judge, Presiding

Argued and Submitted October 19, 2016
Pasadena, California

Before: TALLMAN, PARKER,** and CHRISTEN, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Barrington D. Parker, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

San Diego Police Officer Kristopher Walb appeals the district court's order denying in part his motion for summary judgment on the basis of qualified immunity. We affirm.

We may consider "whether the defendant[s] would be entitled to qualified immunity as a matter of law, assuming all factual disputes are resolved, and all reasonable inferences are drawn, in plaintiff's favor." *George v. Morris*, 736 F.3d 829, 836 (9th Cir. 2013) (alteration in original) (quoting *Karl v. City of Mountlake Terrace*, 678 F.3d 1062, 1068 (9th Cir. 2012)). Taking the facts in the light most favorable to Lopez, the district court concluded that there was a genuine dispute of material fact as to whether Walb violated the Fourth Amendment. **ER 16.** We agree. Because Lopez died during the incident, the court may construct Lopez's version of events "circumstantially from competent expert and physical evidence, as well as from inconsistencies in the testimony of law enforcement." *Id*. at 834. Viewing the facts in the light most favorable to Lopez, a reasonable jury could conclude from the physical evidence that Lopez was not facing the officers, did not make a threatening gesture, and was in the process of complying with the officers' commands to get down when he was shot. Under those circumstances, Walb's decision to shoot Lopez would constitute an unreasonable use of deadly force in violation of the Fourth Amendment. *See Tennessee v. Garner*, 471 U.S. 1, 3

2

(1985); *see also Cruz v. City of Anaheim*, 765 F.3d 1076, 1080–81 (9th Cir. 2014). Under this same version of events, Lopez's right to be free from excessive force was "clearly established." *See Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011); *see also Garner*, 471 U.S. at 11; *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997); *Curnow v. Ridgecrest Police*, 952 F.2d 321, 325 (9th Cir. 1991).

A jury could credit the testimony of the officers and find that the use of deadly force was permissible. However, because the plaintiff has shown that there exists a genuine dispute of material fact as to the reasonableness of Walb's conduct, and because under one version of the facts Walb's conduct violated clearly established law, the district court properly denied summary judgment on qualified immunity from the Fourth Amendment excessive force claim.

Plaintiffs' motion for sanctions is denied. Costs on appeal are awarded to the Appellees.

**AFFIRMED.**